## Warren *et al. vs* Lewis.

### Error to the Pulaski Circuit.

*Joint action.    Seperate judgment.*

Chief Justice Robertson delivered the Opinion of the Court.

DEBT.

*Case* 41.

*December* 15.

James Lewis having sued *James W. Griffin, John Warren,* and *David Warren,* on a promissory note purporting to be the joint obligation of those defendants, for $265 62½ cents, the *Warrens* severally pleaded *non est factum,* upon which issues were taken, and *Griffin* made default; whereupon the case was continued, as to the parties pleading, and a judgment by default, for the whole debt, was rendered against *Griffin* without any *cessat executio.*

*Griffin* having appealed to this Court, the judgment against him was reversed, because it was erroneous to render such a judgment against him, without disposing of the action finally as to the other defendants.

But before that reversal, the issues were tried by a jury, in the Circuit Court, and, having been found for the plaintiff, a judgment had been rendered also against the *Warrens,* absolutely, for the whole debt.

At a subsequent term, the mandate of this Court having, in the mean time, been entered in the Circuit Court, and none of the defendants appearing, a judgment was rendered against all of them by default.

The *Warrens* having prosecuted a writ of error to the judgment against themselves alone, and all the defendants having also brought up the last judgment against all of them, for revision, both cases have been heard and will be decided together, as upon one entire record.

The judgment against the *Warrens* alone, whilst the case was in this Court on *Griffin's* appeal, was clearly erroneous, and must, therefore, be reversed.

The last judgment against all of the defendants was also equally erroneous, because, as to the *Warrens,* there should not have been a second judgment whilst the first

In a joint action of debt against 2 or more, it is error to render judgment vs one without finally disposing of the case as to the others—and it is also erroneous, at a subsequent term, to render judgment against the other deft's.

It is error to render judgment against three several defendants on a joint note, whilst a writ of error is pending for the reversal of a separate judgment render-

ed against two
jointly sued on
the same note in
the same suit.

against them, in the same action, remained unreversed, and because also, when the last judgment was rendered against them, they were in this Court upon their writ of error, seeking a reversal of the first judgment against them, and were not in the Circuit Court as litigating parties, and therefore, there was no authority to render the last judgment against them by default. This last judgment must, therefore, be also reversed.

In remanding the entire cause to the Circuit Court, relieved of all the judgments which have been rendered in it, it will stand on the verdict ready for a final judgment thereon against the *Warrens* and against *Griffin*, by default, unless he shall appear and be allowed to plead to the action, or unless they shall file some plea of available matter, occurring since the verdict, such as satisfaction or release.

In any event the verdict must stand until the final judgment, which, whenever or however rendered, must dispose of the whole action as to all the defendants.

Judgment reversed and cause remanded.

*Owsley* for plaintiff: *Harlan* for defendant.